# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELETROBRAS SECURITIES LITIGATION | Case No.: 15-cv-5754-JGK<br><br>JURY TRIAL DEMANDED |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated June 29, 2018 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in §IV(1)(1.27) below) to the above-entitled litigation (the "Litigation"): (i) the Lead Plaintiffs Dominique Lavoie and City of Providence, Rhode Island (as defined further in §IV(1)(1.11) below) (on behalf of themselves and each of the Settlement Class Members (as defined further in §IV(1)(1.25) below)), by and through their counsel of record in the Litigation; and (ii) Defendants Centrais Elétricas Brasileiras S.A. ("Eletrobras"), José da Costa Carvalho Neto, and Armando Casado de Araújo (referred to collectively as the "Defendants" (defined further in §IV(1.6) below)), by and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined further in §IV(1.19) below), upon and subject to the terms and conditions hereof and subject to the approval of the United States District Court for the Southern District of New York.

## I.    THE LITIGATION

On and after July 22, 2015, the following actions were filed in the United States District Court for the Southern District of New York (the "Court") as putative class actions on behalf of persons who purchased the publicly traded securities of Eletrobras: (i) *Franklin v. Centrais Elétricas Brasileiras S.A. – Eletrobras*, et al., 15-CV-05754-JGK; and (ii) *City of Providence, Rhode Island v. Centrais Elétricas Brasileiras S.A. – Eletrobras*, et al., 15-CV-06434-JGK.  By order of the Court, the two actions were consolidated and City of Providence, Rhode Island and Dominique Lavoie were appointed as Lead Plaintiffs and their choice of counsel was approved by the Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

The operative complaint in the Litigation is the Second Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws, filed on February 26, 2016 (the "Complaint").  The Complaint alleges claims against Defendants for violation of §§10(b) and 20(a)

1

of the Securities Exchange Act of 1934, and Securities and Exchange Commission Rule 10b-5 promulgated thereunder.

On April 15, 2016, Defendants moved to dismiss the Complaint.  By Order dated March 27, 2017, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint. Defendants answered the Complaint on May 5, 2017.   Lead Plaintiffs subsequently served Defendants with discovery requests and pursued discovery.  On June 30, 2017, Plaintiffs filed a motion for class certification.  On October 10, 2017, Defendants opposed Plaintiffs' motion.  On November 22, 2017, Plaintiffs replied, and the Court later set a hearing for March 12, 2018.  On February 28, 2018, the Court stayed the Action to enable the parties to explore a possible settlement through mediation.

On April 27, 2018, the parties conducted an in-person mediation with Jed Melnick, Esq. (JAMS) when the parties reached an agreement-in-principle to settle this matter for Fourteen Million Seven Hundred and Fifty Thousand Dollars ($14,750,000), as set forth herein.

## II.    CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Litigation have merit.  Lead Counsel, however, recognize and acknowledge the expense and duration of continued proceedings necessary to prosecute the Litigation against Defendants through trial and appeals.  Lead Counsel also have taken into account the uncertain outcome and risks in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Lead Counsel also are mindful of the potential problems of proof and possible defenses to the violations asserted in the Litigation.  Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.  Based on its evaluation, Lead Counsel has determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Settlement Class.

## III.    THE DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiffs in the Litigation.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.  Defendants further deny, *inter alia*, that they made any material misstatements or omissions in Eletrobras' public filings, press releases, or other public statements, that Plaintiffs or the Settlement Class have suffered any damages, that the prices of Eletrobras securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Plaintiffs or the Settlement Class were harmed by any conduct alleged in the Litigation or that could have been alleged therein.  Messrs. Carvalho Neto and Araújo further assert that, at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of the Company and its shareholders.

This Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim or of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. Defendants' decision to settle the Litigation was based on the conclusion that further conduct of the Litigation would be protracted and expensive, with the uncertainty and risks inherent in any litigation, especially in complex cases like this one, and the determination that it is desirable and beneficial to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation and to put the Released Claims to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages to Plaintiffs and the Settlement Class.

#90971380v9

**IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the Settlement Class Members) and Defendants, by and through their respective counsel of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

**1.    Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Eletrobras" or the "Company" means Centrais Elétricas Brasileiras S.A.

1.2    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation and who submits a valid Proof of Claim and Release form to the Claims Administrator.

1.3    "Claims Administrator" means the firm of Epiq Class Action & Claims Solutions, Inc. located in Portland, Oregon.

1.4    "Class Period" means the period commencing on August 17, 2010 and ending on June 24, 2015, inclusive.

1.5    "Covered Transaction" means any transaction in Eletrobras common and/or preferred ADSs to which the United States securities laws apply, including as applicable pursuant to the Supreme Court's decision in <u>Morrison v. National Australia Bank</u>, 561 U.S. 247 (2010).

1.6    "Defendants" means Eletrobras, José da Costa Carvalho Neto, and Armando Casado de Araújo.

1.7    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

#90971380v9

1.8     "Escrow Agent" means Kahn Swick & Foti, LLC and Kaplan Fox & Kilsheimer, LLP or its successor(s).

1.9     "Final" means when the last of the following with respect to the Order and Final Judgment, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of three (3) business days after the time for the filing of any motion to alter or amend the Order and Final Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed or, if such a motion is filed, an order denying such motion; (ii) the expiration of three (3) business days after the time for the filing or noticing of any appeal from the Order and Final Judgment without any appeal or notice of appeal having been filed; and (iii) if such an appeal is filed or noticed, then three (3) business days after either (a) the Order and Final Judgment has been finally affirmed, the time for a petition for writ of certiorari to review the Order and Final Judgment has expired or, if certiorari is granted, the judgment following review pursuant to that grant has been finally affirmed; or (b) any appeal from the Order and Final Judgment or any proceeding on certiorari to review the Order and Final Judgment has been finally dismissed.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement,  but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

1.10     "Lead Counsel" means Kahn Swick & Foti, LLC and Kaplan Fox & Kilsheimer, LLP or its successor(s).

1.11     "Lead Plaintiffs" means Dominique Lavoie and City of Providence, Rhode Island.

1.12    "Notice Order" means the order described in ¶4.1 hereof.

1.13    "Order and Final Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.14    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.15    "Plaintiffs" means all of the plaintiffs that have appeared in the Litigation.

1.16    "Plaintiffs' Counsel" means any counsel who have appeared for any of the Plaintiffs in the Litigation.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility or liability with respect thereto.

1.18    "Related Parties" means, with respect to each defendant named in this Litigation (whether or not served with process), the immediate family members, heirs, executors, estates, administrators, successors, assigns, present and former employees, officers, directors, general partners, limited partners, controlling shareholders, attorneys, accountants or auditors, assigns, personal or legal representatives, underwriters, insurers, co-insurers, reinsurers, and agents of each of

6

them, and any Person which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest, and the present and former parents, subsidiaries, divisions, joint ventures, affiliates, specific or special purpose entities (including those identified in any complaint in this Litigation), predecessors, successors, general partners, limited partners, controlling shareholders, employees, accountants or auditors, officers, directors, attorneys, assigns, personal or legal representatives, insurers, co-insurers, reinsurers, and agents of each of them.

1.19    "Released Claims" means any and all rights, debts, demands, claims (including "Unknown Claims" as defined in ¶1.28 below) or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including, without limitation, claims arising under the securities laws of the United States or any state in the United States, whether class and/or individual in nature, including both known claims and unknown claims, whether or not concealed or hidden, that (a) Lead Plaintiffs or any member of the Settlement Class asserted, or could have asserted in this Litigation against any of the Released Persons; or (b) could have been asserted in this Litigation, or in any other action or forum by Lead Plaintiffs and/or the Settlement Class Members (or any person who inherited or otherwise acquired Eletrobras ADSs from a Settlement Class Member) against any of the Released Persons which arise out of, are based upon, or are in any way related, directly or indirectly, to the purchase, acquisition, disposition, sale or retention of, or other transaction in, Eletrobras publicly traded ADSs during the Class Period, or to the facts, matters, allegations, transactions, events, disclosures, statements, acts or occurrences, representations or omissions involved, set forth, or

#90971380v9

referred to in the Complaint or that could have been alleged in the Complaint, including without limitation, claims that arise out of or relate to any disclosures, Securities and Exchange Commission filings, press releases, registration statements, offering memoranda, or other public statements by or on behalf of Eletrobras during the Settlement Class Period.

1.20     "Released Persons" means any and all of the Defendants, and each and all of their Related Parties.

1.21     "Settled Defendants' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation or any forum by the Defendants or any of them or the successors and assigns of any of them against the Lead Plaintiffs, Class Members, or Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the Settlement); for the avoidance of doubt, "Settled Defendants' Claims" does not include any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, under or related to any policies of insurance.

1.22     "Settlement" means the settlement of the Litigation as set forth in this Stipulation.

1.23     "Settlement Amount" means the principal amount of Fourteen Million Seven Hundred Fifty Thousand Dollars ($14,750,000.00) to be paid pursuant to ¶2.1 of this Stipulation. Defendants shall not have any obligation whatsoever to pay any amount over and above the principal amount of Fourteen Million Seven Hundred Fifty Thousand Dollars ($14,750,000.00).

1.24     "Settlement Class" means all Persons who purchased or otherwise acquired Eletrobras common and/or preferred American Depositary Shares ("ADSs") (trading symbols EBR and EBR.B, respectively) either on a United States exchange or pursuant to other Covered Transactions between August 17, 2010 and June 24, 2015, inclusive.  Excluded from the Settlement

#90971380v9

Class is anyone named as a Defendant in this action; members of the immediate family of any such Defendant; any entity in which any such Defendant or family member has or had a controlling interest; the former and current officers and directors of Eletrobras; or the legal affiliates, representatives, controlling persons, predecessors-in-interest, heirs, assigns, or any other successors-in-interest of any such excluded party. Also excluded from the Settlement Class are those Persons who have timely and validly requested exclusion from the Settlement Class pursuant to the "Notice of Pendency and Proposed Settlement of Class Action" sent to potential Settlement Class Members.

1.25    "Settlement Class Member" or "Settlement Class Members" mean any Person who falls within the definition of the Settlement Class as set forth in ¶1.24 of the Stipulation.

1.26    "Settlement Fund" means the interest-bearing escrow account into which the Settlement Amount is to be paid. The Settlement Fund shall include the Settlement Amount plus any interest that may accrue thereon as provided for herein.

1.27    "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiffs on behalf of themselves and each of the Settlement Class Members.

1.28    "Unknown Claims" means any of the claims that Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in such party's favor at the time of the release of the Released Persons which, if known by such party, might have affected such party's settlement with and release of the Released Persons, or might have affected such party's decisions with respect to this Settlement, including the decision not to object to this Settlement. With respect to any and all Released Claims, upon the Effective Date, the Lead Plaintiffs shall expressly waive and relinquish, and the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived and relinquished, the provisions, rights, and benefits of California Civil Code §1542, which provides:

9

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs shall expressly waive and relinquish, and the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiffs and the Settlement Class Members may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs upon the Effective Date shall expressly fully, finally, and forever settle and release, and the Settlement Class Members, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims is a separately bargained for and a key element of the Settlement of which this release is a material and essential part.

2.      **The Settlement**

      a.      **The Settlement Fund**

2.1      In full settlement of the Released Claims, Eletrobras shall pay or cause to be paid the Settlement Amount, as follows:  Following the later of: (a) twenty (20) business days from the Court's entry of the Notice Order preliminarily approving the Settlement; and (b) Defendants' receipt of all required payment information from Lead Counsel, including adequate wire instructions and a completed Form W-9, Eletrobras shall deposit or cause to be deposited the Settlement Amount into the Settlement Fund.  If the entire Settlement Amount is not timely transferred to an account or accounts established by the Escrow Agent, Plaintiffs may terminate the Settlement if (i) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the account or accounts established by the Escrow Agent within ten (10) days after Lead Counsel has provided such written notice.

      b.      **The Escrow Agent**

2.2      The Escrow Agent shall invest any funds in excess of $250,000 deposited into the Settlement Fund pursuant to ¶2.1 above in short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon in the same instruments.  Any funds held in escrow in an amount of less than or equal to $250,000 may be held in an interest bearing bank account insured by the FDIC.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the prior written agreement among Lead Counsel and counsel for Defendants.

2.4     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Within five (5) days after payment of the Settlement Amount to the Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $250,000 from the Settlement Fund in it.  The Notice and Administration Fund may be used by the Escrow Agent without further consent of Defendants or order of the Court to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any.  The Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation.

2.7     Lead Counsel shall pay from the Settlement Fund, without further approval from Defendants or the Court, the reasonable costs and expenses associated with identifying members of the Settlement Class and effecting mail notice and publication notice to the Settlement Class, and the administration of the Settlement, including, without limitation, the actual costs of publication,

#90971380v9

printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims, provided that the foregoing costs and expenses shall not exceed $250,000.  To the extent the foregoing costs and expenses do exceed $250,000, prior to the Effective Date, Lead Counsel shall apply to the Court for an order allowing for reimbursement from the Settlement Fund of the foregoing costs and expenses in excess of $250,000.

### c.    Taxes

2.8    (a)    The Settling Parties and their counsel agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  The Settling Parties and their counsel agree that the Settlement Fund should at all times be treated as being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Code and the Treasury regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the

13

election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes as defined in ¶2.8(c) hereof (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)     All: (a) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund.  In no event shall Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their

#90971380v9

Related Parties are responsible therefor nor shall they have any liability with respect thereto. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

(d)     For the purpose of this ¶2.8, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

### 3.     Termination of Settlement

3.1     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Order and Final Judgment is reversed or vacated following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund (including accrued interest), less reasonable expenses actually incurred or due and owing from the Settlement Fund for the notice and administration of the Settlement pursuant to ¶2.7 above, shall be refunded pursuant to written instructions from Eletrobras to the Escrow Agent in accordance with ¶8.6 herein.

### 4.     Notice Order and Settlement Hearing

4.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court, and Lead Counsel shall apply for entry of an order (the "Notice Order"), substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, approval for the mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), substantially in the form of Exhibit A-1 attached hereto, and approval of the publication of a Summary Notice, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the

general terms of the Fee and Expense Application as defined in ¶7.1 below, and the date of the Settlement Hearing as defined in ¶4.2 below.

4.2     The Settling Parties agree to request that, after notice is given and not earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State officials are served with notice, the Court hold a hearing (the "Settlement Hearing") and finally approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.  Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after this Settlement Agreement is filed with the Court, Defendants shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA. Defendants shall bear the cost of serving the CAFA notice.

4.3     Except for their obligation to pay or cause payment of the Settlement Amount into the Settlement Fund as set forth herein, and to use best efforts to provide Lead Plaintiffs with information from Eletrobras' shareholder transfer records, if any, with respect to the identification of Settlement Class Members, Defendants and their Related Parties shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund, as defined below in ¶6.2(d) below.

**5.     Releases and Covenant Not to Sue**

5.1     Upon the Effective Date, as defined in ¶1.7 hereof, the Lead Plaintiffs, each and all of the Settlement Class Members and anyone claiming through or on behalf of any of them, and Plaintiffs' Counsel shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against all Released Persons, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute

16

any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Persons, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release, and whether or not such Settlement Class Member shares in the Settlement Fund.

5.2     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiffs' Counsel from all Settled Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Settled Defendants' Claims against Lead Plaintiff, any of the Settlement Class Members, or Plaintiffs' Counsel.

5.3     Lead Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel agree and covenant not to file or pursue any of the Released Claims against any Released Persons between the date of this Stipulation and the Effective Date.  The Settling Parties agree that, if the Settlement does not become Final, the period of time between the date of this Stipulation and the date that Defendants became aware that the Settlement would not become Final shall not be counted for purposes of any defense based on passage of time.

6.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

6.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.8 above;

(c)     to pay Plaintiffs' Counsel's attorneys' fees, expenses, and costs with interest thereon (the "Fee and Expense Award") and Lead Plaintiffs' expenses, if and to the extent allowed by the Court; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

18

(a)     Each Settlement Class Member shall be required to submit a Proof of Claim and Release form, substantially in a form approved by the Court, supported by such documents as are designated therein, including proof of the transactions claimed, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)     All Proof of Claim and Release forms must be submitted by the date specified in the Notice unless such period is extended by order of the Court.  Any Settlement Class Member who fails to submit a Proof of Claim and Release form by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later-submitted Proof of Claim and Release form by such Settlement Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.  A Proof of Claim and Release form shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim and Release form shall be deemed to have been submitted when actually received by the Claims Administrator.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed;

(c)     Each Proof of Claim and Release form shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proof of Claim and Release forms that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim and Release form, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the Proof of Claim and Release form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proof of Claim and Release forms it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Court.

6.4     Except for their obligation to pay or cause payment of the Settlement Amount into the Settlement Fund as set forth herein, and to cooperate in the production of information with respect to the identification of Settlement Class Members from Eletrobras' shareholder transfer records, as provided herein, Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of

Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.5     No Person shall have any claim against Lead Plaintiffs, the Escrow Agent, Plaintiffs' Counsel or any claims administrator, or Defendants, their Related Parties, or their counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.6     If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining shall be re-distributed among Authorized Claimants in an equitable and economic manner and any remainder donated to an appropriate non-profit organization selected by Lead Counsel.

6.7     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a necessary term of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Order and Final Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 7.     Plaintiffs' Counsel's Attorneys' Fees and Expenses

7.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to it from the Settlement Fund for: (a) an award of attorneys' fees

21

from the Settlement Fund; (b) payment of expenses and costs incurred in connection with prosecuting the Litigation; (c) any interest on such attorneys' fees, costs, and expenses at the same rate and for the same periods as earned by the Settlement Fund; and (d) reimbursement for the expenses of Lead Plaintiffs, pursuant to 15 U.S.C. §78u-4(a)(4).  Lead Counsel reserves the right to make additional applications for fees and expenses incurred to be paid out of the Settlement Fund.

7.2    The attorneys' fees, expenses, and costs, including the fees of experts and consultants, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, five (5) days after the Court executes an order awarding such fees and expenses.  Lead Counsel shall thereafter allocate, subject to the conditions below, the attorneys' fees amongst Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Litigation.  In the event that the Effective Date does not occur, or the Order and Final Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees, expenses, and costs previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

7.3     Any appeal from any order relating to the Fee and Expense Application or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Order and Final Judgment approving the Stipulation and the Settlement of the Litigation set forth herein.

7.4     Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiffs' Counsel, from the Settlement Fund or otherwise.

7.5     Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     The Settlement Amount has been paid, as required by ¶2.1 above;

(b)     the Court has entered the Notice Order, as required by ¶4.1 hereof;

(c)     the Court has approved this Stipulation, following notice to the Settlement Class Members and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d)     the Court has entered the Order and Final Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(e)     the Order and Final Judgment has become Final, as defined in ¶1.9 hereof; and

23

(f)     the Settlement has not been terminated by any of the parties hereto.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If it becomes clear that any of the conditions specified in ¶8.1 hereof cannot or will not be met, then the Stipulation shall be canceled and terminated subject to ¶8.3 hereof unless Lead Counsel and counsel for Eletrobras mutually agree in writing to otherwise proceed with the Settlement.

8.3     The Settling Parties shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's declining to enter the Notice Order in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Order and Final Judgment in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) as otherwise set forth in the Settling Parties' supplemental agreement (the "Supplemental Agreement").

8.4     As set forth in the Supplemental Agreement, Defendants shall have the option to terminate the Settlement in the event that Settlement Class Members who purchased in the aggregate more than a certain number of Eletrobras ADSs during the Class Period choose to exclude themselves from the Settlement Class.  The Supplemental Agreement will not be filed with the Court unless requested by the Court or unless a dispute among the Settling Parties concerning its interpretation or application arises and in that event, the parties shall request that the Supplemental Agreement be filed and maintained by the Court under seal.  Although the terms of the Supplemental Agreement are not explicitly set forth herein, they are a material and integral part of this Agreement.

8.5     The Settlement Hearing shall be held at a date and time convenient to the Court, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007-1312 or at such other location as determined by the Court, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate as to the Settlement Class and should be approved by the Court; whether an Order and Final Judgment as provided in ¶1.13 should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel.

8.6     Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶3.1 hereof, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶2.6 or ¶2.7 hereof or are determined to be chargeable to the Settlement Fund for the notice and administration of the Settlement pursuant to ¶2.7 herein, shall be refunded by the Escrow Agent to Eletrobras plus accrued interest attributable to that amount by wire transfer pursuant to written instructions from counsel for Defendants.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to Defendants.

8.7     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation immediately prior to the execution of this Stipulation.  In such event, the terms and provisions of the Stipulation, with the

25

exception of ¶¶3.1, 7.2 - 7.4, 8.4 - 8.8, 9.1, 10.1, 11.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Lead Plaintiffs or Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.8     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for the notice and administration of the Settlement pursuant to ¶¶2.6-2.7 hereof.  In addition, any expenses already incurred and properly chargeable to the Settlement Fund for the notice and administration of the Settlement pursuant to ¶¶2.6-2.7 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶8.6 hereof.

**9.     Class Certification**

9.1     For purposes of this Stipulation and Settlement only, and subject to approval of the Court in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, the Settling Parties stipulate to certification of the Settlement Class, as defined herein, and the appointment of Lead Plaintiffs as class representatives of the Settlement Class.  In the event that the Settlement upon the terms and conditions set forth in this Stipulation is not approved by the Court, is terminated, or the Effective Date (*see* ¶1.7 above) does not occur for any reason, the certification of the Settlement Class automatically shall be revoked without requiring any additional action by the Settling Parties or the Court, and the Settling Parties shall be restored *nunc pro tunc* to their respective positions in

#90971380v9

the Litigation immediately preceding the date of this Stipulation.  In such event, Defendants reserve their right to object for any and all reasons to the certification of any class or sub-class or to the appointment of any of the Plaintiffs as a class representative, and this Stipulation shall not be used or considered in any way in connection with class certification or class representation.

**10.      No Admission of Wrongdoing**

10.1     This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings in connection herewith shall not be:

(a)      offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b)      offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant that any damages were suffered by Plaintiffs, the Settlement Class, or anyone else;

(c)      offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiffs and the Settlement Class;

(d)      offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil,

27

criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the releases granted them hereunder; or

(e)     construed against Defendants, Lead Plaintiffs, or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

## 11.     Miscellaneous Provisions

11.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

11.2     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

11.3     Except as otherwise provided for herein, each party shall bear his, her or its own costs.

11.4     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises all claims that were contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Order and Final Judgment will contain a statement that, during the course of

the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

11.5    Defendants and/or their Related Parties may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Plaintiffs understand, acknowledge, and agree that Defendants have denied and continue to deny all claims of wrongdoing, liability, and damages alleged in the Litigation.

11.6    Except as otherwise provided for herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

11.7    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

11.8    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.9    Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class

29

pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which Lead Counsel deems appropriate.

11.10   Each counsel or other person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

11.11   The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of original executed counterparts shall be filed with the Court.

11.12   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

11.13   With the exception of the matters expressly declared subject to mediation in Section 11.14, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

11.14   Any claim or dispute among the parties arising out of, relating to, or in connection with the interpretation or implementation of the terms of the Stipulation shall be presented initially for mediation before Jed Melnick, Esq. (JAMS), or such other mediator upon whom the parties shall mutually agree.   The parties participating in a mediation shall pay an equal share of the mediator's fees.   If the mediator certifies that the Parties have participated in mediation in good faith but have been unable to resolve their disputes, the Parties then retain all their rights to present any issues to the Court as provided for in the Federal Rules of Civil Procedure.

11.15   The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

11.16   The Stipulation and the Exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

11.17   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11.18   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

11.19   This Stipulation supersedes the Memorandum of Understanding dated May 1, 2018.

FOR FORMATTING PURPOSES, THE REMAINDER OF THIS PAGE IS BLANK.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated June 29, 2018.

**KAPLAN FOX & KILSHEIMER LLP**

DATED:  June 29, 2018

By: _Donald R. Hall MC_
Frederic S. Fox
Donald R. Hall
Melinda D. Campbell
Jason Uris
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

**KAHN SWICK & FOTI, LLP**

DATED:  June 29, 2018

By: _____
Ramzi Abadou (admitted *pro hac vice*)
912 Cole Street, # 251
San Francisco, CA 94117
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

**KAHN SWICK & FOTI, LLC**
Lewis S. Kahn
Alexander Burns (*admitted pro hac vice*)
Alayne Gobeille (*admitted pro hac vice*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: 504-455-1400
Facsimile: 504-455-1498

*Attorneys for Lead Plaintiffs*

32

#90971380v9

DATED:  June 29, 2018

**DAVIS POLK & WARDWELL LLP**

By: _James H.R. Windels_

James H.R. Windels
Antonio J. Perez-Marques
Bryan McArdle

450 Lexington Avenue
New York, New York 10017
(212) 450-4000
james.windels@davispolk.com
antonio.perez@davispolk.com
bryan.mcardle@davispolk.com

*Attorneys for Defendants Centrais
Elétricas Brasileiras S.A., José da
Costa Carvalho Neto, and Armando
Casado de Araújo*

33