UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELETROBRAS SECURITIES LITIGATION | Case No.: 15-cv-5754-JGK<br>JURY TRIAL DEMANDED<br><br>[CONFIDENTIAL – NOT TO BE FILED WITH THE COURT] |

**SUPPLEMENTAL AGREEMENT TO STIPULATION OF SETTLEMENT**

This Supplemental Agreement (the "Supplemental Agreement") is incorporated into the Stipulation of Settlement dated as of June 29, 2018 (the "Stipulation"). Unless otherwise defined herein, the capitalized terms used herein shall have the same meanings as in the Stipulation. In the event of any conflict between the terms of the Stipulation and this Supplemental Agreement, the terms of the Stipulation will control.

**IT IS HEREBY AGREED AS FOLLOWS:**

1. Pursuant to Paragraphs 8.3 and 8.4 of the Stipulation of Settlement dated June 29, 2018 (the "Stipulation") in *In Re Eletrobras Securities Litigation*, Civil Action No. 1:15-cv-5754-JGK (S.D.N.Y), this Supplemental Agreement is made by and among the parties to the Stipulation.

2. Centrais Elétricas Brasileiras S.A. ("Eletrobras") and Defendants José da Costa Carvalho Neto, and Armando Casado de Araújo (collectively with Eletrobras, "Defendants") shall each have the option to terminate the settlement set forth in the Stipulation in the event that one or more Settlement Class Members with rights, collectively, to receive **REDACTED** of the Settlement Amount (determined using the Plan of Allocation) elects to opt out of the Settlement.

3. Lead Counsel and/or the Claims Administrator shall provide counsel for Defendants with copies of any Requests for Exclusion as expeditiously as possible and, in any

1

event, within three (3) business days of receipt and no fewer than ten (10) business days before any Settlement Hearing.

4.  If any Defendant elects to terminate the settlement set forth in the Stipulation, written notice of such election must be provided to Lead Counsel on or before five (5) business days prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and counsel for Defendants.  Notwithstanding the foregoing, if the Court permits shareholders who would otherwise be included in the Settlement Class to exclude themselves from the Settlement Class despite the fact that they did not comply with the deadline to submit a request for exclusion, Defendants shall be permitted to add those additionally excluded shares to the total for purposes of determining whether the threshold set forth in ¶2 above has been reached. If the adjusted number of shares meets or exceeds the threshold set forth in ¶2 above, any Defendant shall be permitted to terminate the Settlement the later of when the Settlement Hearing commences or within three (3) business days of the Court's decision to allow such additional exclusions from the Settlement Class.

5.  Lead Counsel may attempt to cause retraction of any Requests for Exclusion by Settlement Class Members. If any Defendant has exercised the option to terminate the settlement and if Lead Counsel succeeds in causing the retraction of sufficient Requests for Exclusion such that the remaining Requests for Exclusion do not equal or exceed the numbers agreed upon in ¶2 above, the notice of termination of the Settlement automatically shall be deemed a nullity. To retract a prior Request for Exclusion, a Settlement Class Member must provide to Lead Counsel, and Lead Counsel must provide to counsel for Defendants, at least three (3) calendar days prior to the Settlement Hearing or any adjournment thereof, a written notice of his, her or its desire to

retract his, her or its Request for Exclusion from the Settlement Class, and acknowledging that he, she, or it will be bound by any judgment in this Action

   6. Any dispute among the Settling Parties concerning the interpretation or application of this Supplemental Agreement may be presented to the Court for resolution upon the application of any party hereto.

   7. If any Defendant elects to terminate the Stipulation and such termination is not nullified as set forth herein, the Stipulation shall be withdrawn, terminated, and deemed null and void and the provisions of Paragraphs 8.6 through 8.8 of the Stipulation shall apply.

   8. The Settling Parties agree that they shall inform the Court of the existence of this Supplemental Agreement but that it shall not be filed with the Court unless requested by the Court or a dispute among the Settling Parties concerning its interpretation or application arises, and, in that event, the Settling Parties will use their best reasonable efforts to submit the Supplemental Agreement for the Court's in camera review and/or under seal.  The terms and conditions of this Supplemental Agreement may be disclosed to the Court, the Settling Parties, counsel and insurers for the Settling Parties, and any Persons to whom disclosure is required by law, but shall otherwise be kept confidential and shall not be disclosed to any other Person, unless otherwise agreed by the Settling Parties or ordered by the Court.

#90983650v2

IN WITNESS WHEREOF, the parties hereto have caused the Supplemental Agreement to be executed, by their duly authorized attorneys, dated as of June 29, 2018.

DATED: June 29, 2018

**KAHN SWICK & FOTI, LLP**

By: _____
Ramzi Abadou (admitted *pro hac vice*)
912 Cole Street, # 251
San Francisco, CA 94117
Telephone: 504-455-1400
Facsimile: 504-455-1498

-and-

**KAHN SWICK & FOTI, LLC**
Lewis S. Kahn
Alexander Burns (*admitted pro hac vice*)
Alayne Gobeille (*admitted pro hac vice*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: 504-455-1400
Facsimile: 504-455-1498

-and-

DATED: June 29, 2018

**KAPLAN FOX & KILSHEIMER LLP**

By: Donald R. Hall ve

Frederic S. Fox
Donald R. Hall
Melinda Campbell
Jason A. Uris
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*Co-Lead Counsel for the Settlement Class*

-and-

4

#90983650v2

DATED: June 29, 2018

**DAVIS POLK & WARDWELL LLP**

By: _/s/ James H.R. Windels_
James H.R. Windels
Antonio Perez-Marques
Bryan McArdle

450 Lexington Avenue
New York, New York 10017
(212) 450-4000
james.windels@davispolk.com
antonio.perez@davispolk.com
bryan.mcardle@davispolk.com

*Attorneys for Defendants Centrais Elétricas Brasileiras S.A., José da Costa Carvalho Neto, and Armando Casado de Araújo*

5

#90983650v2

**CERTIFICATE OF SERVICE**

I, Donald R. Hall, hereby certify that, on July 18, 2018, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM/ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Donald R. Hall*

Donald R. Hall