```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-12-18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELETROBRAS SECURITIES LITIGATION | Case No.: 15-cv-5754-JGK<br>JURY TRIAL DEMANDED |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to this Court's Order Granting Preliminary Approval of Settlement dated 8/17, 2018 ("Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated June 29, 2018 (the "Stipulation"), and following a hearing on 12/12, 2018 before this Court to consider the applications of the Settling Parties. The Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the Notice and the publication of the Summary Notice in accordance with the Preliminary Approval Order, and good cause appearing therefore,

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation unless set forth differently herein.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Settlement Class Members.

3.  The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for

in the Preliminary Approval Order constituted the best notice practicable under the circumstances – including individual notice to all Settlement Class Members who could be identified through reasonable effort – of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby grants final certification of the Settlement Class consisting of all Persons who purchased or otherwise acquired Eletrobras common and/or preferred American Depositary Shares ("ADSs") (trading symbols EBR and EBR.B, respectively) either on a United States exchange or pursuant to other Covered Transactions between August 17, 2010 and June 24, 2015, inclusive. Excluded from the Settlement Class is anyone named as a Defendant in this action; members of the immediate family of any such Defendant; any entity in which any such Defendant or family member has or had a controlling interest; the former and current officers and directors of Eletrobras; or the legal affiliates, representatives, controlling persons, predecessors-in-interest, heirs, assigns, or any other successors-in-interest of any such excluded party. Also excluded from the Settlement Class are those Persons who have timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action sent to potential Settlement Class Members as provided in the Court's Preliminary Approval Order. ~~A list of such Persons~~ *No person or entity* who filed timely, completed and valid requests for exclusion from the Settlement Class ~~is attached hereto as Exhibit 1~~.

[initials] JG/K

5. With respect to the Settlement Class, the Court finds that, for purposes of effectuating the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) have

2

#90983527v4

been satisfied. The members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable and there are questions of law and fact common to the Settlement Class which predominate over any individual questions. The claims of Lead Plaintiffs are typical of the claims of the Settlement Class and Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the class action.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiffs The City of Providence, Rhode Island and Dominique Lavoie are certified as representatives for the Settlement Class and Lead Counsel Kahn Swick & Foti, LLC, and Kaplan, Fox & Kilsheimer, LLP are appointed as class counsel for the Settlement Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement, and all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, adequate to, and in the best interests of, the Lead Plaintiffs, the Settlement Class, and each of the Settlement Class Members, based on, among other things: the Settlement resulted from arm's-length negotiations between the Settling Parties and/or their counsel; the amount of the recovery for Settlement Class Members being within the range of reasonableness given the strengths and weaknesses of the claims and

#90983527v4

defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; the recommendation of the Settling Parties. All objections to the proposed Settlement, if any, are overruled in their entirety. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

8. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not filed timely, completed and valid requests for exclusion from the Settlement Class are thus Settlement Class Members who are bound by this Order and Final Judgment and by the terms of the Stipulation.



9. ~~Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class,~~ The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Released Persons, including all Defendants. Lead Plaintiffs and the Settlement Class will not make applications against any Released Person, and Defendants will not make applications against Lead Plaintiff or the Settlement Class, for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action.

10. Upon the Effective Date, each and all of the Settlement Class Members (including Lead Plaintiffs) and anyone claiming through or on behalf of any of them, and Plaintiffs' Counsel shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against all Released Persons, and shall forever be barred and enjoined from commencing,

#90983527v4

instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Persons, regardless of whether such Settlement Class Member executed and delivered a Proof of Claim and Release, and whether or not such Settlement Class Member shares in the Settlement Fund. All Settlement Class Members (including Lead Plaintiffs) are bound by paragraph 5.1 of the Stipulation and are hereby forever barred and enjoined from taking any action in violation of that provision.

11. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from all Settled Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Settled Defendants' Claims against Lead Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel.

12. The terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that all statutory or common law claims, rights, demands, suits, matters, issues, or causes of action by any person against Defendants, arising under federal, state, local, foreign, or any other law, rule, or regulation, however styled, whether for indemnification, contribution, claims over, or

#90983527v4

otherwise, that are based upon, arise out of, or are related to Released Claims, shall be barred.

13. Neither the Plan of Allocation submitted by Lead Counsel nor any portion of this Order regarding the attorneys' fee and expense application shall in any way disturb or affect the finality of any other portion of this Order and Final Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Order and Final Judgment.

14. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, any damages allegedly suffered by Plaintiffs, the Settlement Class, or anyone else, or of any alleged wrongdoing, liability, negligence, or fault of any Released Person; or (b) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Released Person in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Any Released Person may file the Stipulation and/or the Order and Final Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any

#90983527v4

other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

15. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; (c) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation and this Order and Final Judgment; (d) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

16. After completion of the processing of all claims by the claims administrator, the Escrow Agent shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court.

17. The Court finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them: (a) that Lead Counsel would seek an award of attorneys' fees of up to 28.5% of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $850,000.00; and (b) that Settlement Class Members had a right to object to such application(s). A full and fair opportunity was given to all Persons who are Settlement Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees of _25_ % percent of the Settlement Fund, plus reimbursement of expenses in the amount of $ ~~$~~ (*$570,507.99*) ~~both~~ to be paid from the Settlement Fund and expenses of $8,179.12 to the City of Providence, Rhode Island, and expenses of $13,416.00 to Dominique Lavoie, all

#90983527v4

pursuant to the terms of the Stipulation, not less than 5 days after entry of this Order.

19. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Settlement Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate among Settlement Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

20. The Court hereby dismisses with prejudice this Action in its entirety and all Released Claims against each and all Released Persons without costs as to any of the Settling Parties as against the others.

21. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered, and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation.

22. This Order and Final Judgment is a final judgment in the Action as to all claims asserted. The Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure,

that there is no just reason for delay in the entry of this Order and Final Judgment and expressly directs immediate entry of judgment by the Clerk of the Court as set forth herein.

DATED: 12/12/18

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

#90983527v4