UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELETROBRAS SECURITIES LITIGATION | Case No.: 15-cv-5754 (JGK) |

**ORDER APPROVING ADMINISTRATIVE
DETERMINATIONS AND AUTHORIZING DISTRIBUTION
OF THE NET SETTLEMENT FUND**

Lead Plaintiffs, Dominique Lavoie ("Lavoie") and the City of Providence, Rhode Island ("Providence") (collectively, "Lead Plaintiffs"), having moved this Court for an order approving administrative determinations and authorizing the distribution of the Net Settlement Fund[1] in the above-captioned class action, and the Court, having considered all of the materials and arguments submitted in support of the motion, including the Declaration of Jaime Firenze Regarding Distribution Plan ("Firenze Declaration") submitted on behalf of the Court-approved Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Claims Administrator"), and Lead Plaintiffs' Memorandum of Law In Support of Lead Plaintiffs' Motion for Approval of Administrative Determinations and Authorization to Distribute the Net Settlement Fund submitted therewith, as well as all prior proceedings herein, and after due deliberation;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Court has retained jurisdiction over this Action for the purposes of considering, *inter alia*, any further application or matter in connection with the administration of the Settlement and the distribution of the Net Settlement Fund to Authorized Claimants.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the June 29, 2018 Stipulation and Agreement of Settlement (ECF No. 127, the "Stipulation") and exhibits thereto.

2. The distribution plan proposed by Epiq as set forth in the Firenze Declaration is **APPROVED.** Accordingly,

    a. The administrative determinations of the Claims Administrator to accept the timely submitted Proofs of Claim set forth in Exhibit C-1 to the Firenze Declaration, and to accept the late but otherwise valid Proofs of Claim submitted after the January 4, 2019 deadline but on or before January 31, 2020, as set forth in Exhibit C-2 to the Firenze Declaration, are adopted;

    b. The administrative determinations of the Claims Administrator to reject the Proofs of Claim set forth in Exhibit C-3 to the Firenze Declaration are hereby approved, and those claims are hereby rejected;

    c. The administrative determination of the Claims Administrator to reject the Proof of Claim for Disputed Claim Number 1, as set forth in the Firenze Declaration paragraphs 24-25 and Exhibit B, is hereby approved, and that claim is hereby rejected;

    d. No new Proofs of Claim may be accepted after January 31, 2020, and no further adjustments to Proofs of Claim that would result in an increased Recognized Loss may be made for any reason after January 31, 2020;

    e. Pursuant to the Distribution Plan for the distribution of the Net Settlement Fund, Epiq shall distribute the Net Settlement Fund as follows:

        1) Epiq will distribute 100% of the available balance of the Net Settlement Fund, after deducting any Notice and Administration Costs, Taxes, and Tax Expenses, to the Authorized Claimants set forth in Exhibits C-1 and C-2 to the Firenze Declaration who would receive at least $10.00 based on their Recognized Loss in comparison to the total Recognized Losses of all Authorized Claimants.

2)      In order to encourage Authorized Claimants to promptly deposit their payments, all distribution checks shall bear a notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION." Epic is authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time as detailed in footnote 2 of the Firenze Declaration;

3)      Authorized Claimants who do not negotiate their distribution checks within the time allotted or on the conditions set forth in footnote 2 of the Firenze Declaration will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available to be distributed to other Authorized Claimants if Lead Counsel determines that it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not negotiate their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions set forth in footnote 2 of the Firenze Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund;

4)      Consistent with the Plan of Allocation, after Epiq has made reasonable and diligent efforts to have Authorized Claimants negotiate their distribution checks, which efforts shall consist of the follow-up efforts described in footnote 2 but no earlier than six (6) months after the initial distribution, Lead Counsel, in consultation with Epiq, will determine whether it is cost-effective to conduct a second distribution of the Net Settlement Fund. Additional re-distributions may occur thereafter in six (6) month intervals until Lead Counsel, in consultation with Epiq, determines that further re-distribution is not cost-

effective;

5) If further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, Lead Counsel shall seek an order from the Court approving the donation of any remaining funds after all claims administration fees and expenses, escrow fees, taxes, and tax return preparation fees have been paid, to one or more non-sectarian, not-for-profit charitable organization(s) serving the public interest, to be identified at that time.

f. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all members of the Settlement Class, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to them as Authorized Claimants;

g. The Claims Administrator is authorized to destroy all paper and electronic copies of Proofs of Claim and supporting documentation one year after all funds have been distributed;

h. Fees and expenses in the amount of $454,305.94 that have been incurred or are expected to be incurred by Epiq in connection with the administration of the Settlement and the initial distribution of the Net Settlement Fund as set forth in paragraph 36 and Exhibit D of the Firenze Declaration, are hereby approved; and

      i.      This Court retains jurisdiction over any further application or matter that may arise in connection with the administration of the Settlement and such other and further relief as this Court deems appropriate.

**SO ORDERED:**

Dated:   June 15  , 2020

                                                             /s/ John G. Koeltl
                                                   The Honorable John G. Koeltl
                                                   United States District Judge